IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| JAMES LAMONT TAYLOR, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 124-054 |
| | ) | |
| FREEDOM MORTGAGE CORPORATION | ) | |
| and MCCALLA RAYMER LEIBERT | ) | |
| PIERCE, LLC, | ) | |
| | ) | |
| Defendants. | ) | |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Plaintiff is proceeding *pro se* and *in forma pauperis* ("IFP") in the above-captioned case. Because he is proceeding IFP, Plaintiff's complaint must be screened to protect potential defendants. See Phillips v. Mashburn, 746 F.2d 782, 785 (11th Cir. 1984) (*per curiam*).

**I.    SCREENING THE COMPLAINT**

    **A.    BACKGROUND**

Plaintiff names Freedom Mortgage Corporation and McCalla Raymer Leibert Pierce, LLC, as Defendants. (Doc. no. 1, pp. 1-2.) Taking all of Plaintiff's allegations as true, as the Court must for purposes of the present screening, the facts are as follows.

Plaintiff's mother acquired a mortgage to purchase a residential property on Ashley Drive in Augusta, Georgia, in 2007. (Id. at 5.) In June 2020, Plaintiff's mother applied for a

"closed-end credit"[1] in the amount of $72,298, provided by Defendant Freedom Mortgage Corporation ("Freedom Mortgage"), for the purpose of refinancing the rate and terms of the mortgage, which became effective July 1, 2020. (Id. at 5, 13.) The Freedom Mortgage loan included a finance charge of $32,369.57 and attached a security interest on the property for 25 years. (Id. at 5.)

In August 2020, Plaintiff's mother passed away, and Plaintiff and his sister became the successors in interest to the Freedom Mortgage loan. (Id.) In November 2021, Plaintiff mailed Freedom Mortgage to request loan information and documentation. (Id. at 5, 17.) By letter dated December 8, 2021, Freedom Mortgage confirmed the loan refinancing in July 2020, attached loan documents and payment history, and explained Freedom Mortgage was the servicer of the loan issued by creditor and lender Government National Mortgage Association ("GNMA") "with rights to enforce the terms of the security instruments and collect on the debt." (Id.)

Plaintiff mailed Freedom Mortgage again in January 2022. (Id. at 16.) Freedom Mortgage replied by letter dated February 15, 2022, explaining the loan originated on July 1, 2020, the account reflected Plaintiff and his sister as successors in interest as of October 1, 2020, the loan qualified for Covid-19 forbearance through March 31, 2022, and five monthly payments were overdue and outstanding for a total of $2,932.75. (Id.) In July 2022, Plaintiff filed a request with the Consumer Financial Protection Bureau, seeking "the audit trail" including "the file, accounting, ledger and transactional history" from Freedom Mortgage. (Id. at 5, 23.) Freedom Mortgage failed to respond with the requested documents, "failing to

---

[1] Plaintiff uses the term "closed-end credit," (id. at 5), while the supporting documentation he provides uses the term "mortgage," (id. at 13). As the nomenclature is not dispositive, the Court refers to the relevant transaction between Plaintiff's mother and Freedom Mortgage as the "loan."

support their claims that they are owed any amount of money and have suffered any losses." (Id. at 5-6.) Plaintiff emailed Freedom Mortgage on September 14, 2022, requesting validation of the debt on the loan, to which Freedom Mortgage responded by letter dated September 21, 2022, that, as required by the Fair Debt Collection Practices Act ("FDCPA"), attached the Note, Security Deed, Verification of Mortgage, and payment history. (Id.)

On July 25, 2023, Defendant McCalla Raymer Leibert Pierce, LLC ("McCalla"), on behalf of its client Freedom Mortgage, sent a letter notifying Plaintiff a nonjudicial foreclosure sale would occur on September 5, 2023, at the Richmond County courthouse. (Id. at 7; see also id. at 19-21.) The Notice of Sale, attached to the letter and submitted to a local county newspaper, utilized "false, deceptive [and] misleading representations" by listing Plaintiff's mother as borrower and Freedom Mortgage as lender, specifying the amount due as $72,298, describing the legal status of the loan as in default, and by omitting reference to GNMA as creditor and lender. (Id. at 7-8; see also id. at 21.) The notification letter from McCalla referenced the FDCPA without disclaiming possible liability and stated as follows: "BE ADVISED THAT UNDER FEDERAL LAW, THIS LAW FIRM MAY BE DEEMED A DEBT COLLECTOR. ANY INFORMATION OBTAINED MAY BE USED FOR THE PURPOSE OF COLLECTING A DEBT." (Id. at 19; see also id. at 8.) Moreover, the letter threatened foreclosure and offered to discuss "foreclosure alternatives," which Plaintiff asserts is debt collection activity under the FDCPA. (Id.)

Plaintiff alleges the notification letter and Notice of Sale constitutes "an unfair practice that invade[d] privacy and risked repayment" of the loan because Defendants "never had any lawful interest, equity or claim to the security interest, mortgaged property and dwelling" on Ashley Drive and because GNMA was the rightful creditor and lender. (Id. at 9.) For relief,

3

Plaintiff requests monetary damages, restoration of the title and deed to Plaintiff and his sister, improvements to the property, and a refund from Freedom Mortgage in the amount of the loan. (Id. at 4, 11.)

### B.   DISCUSSION

#### 1.   Legal Standard for Screening

The second amended complaint or any portion thereof may be dismissed if it is frivolous, malicious, or fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune to such relief. See 28 U.S.C. § 1915(e)(2)(B). A claim is frivolous if it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). "Failure to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard as dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6)." Wilkerson v. H & S, Inc., 366 F. App'x 49, 51 (11th Cir. 2010) (citing Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997)).

To avoid dismissal for failure to state a claim upon which relief can be granted, the allegations in the second amended complaint must "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555. While Rule 8(a) of the Federal Rules of Civil Procedure does not require detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Iqbal, 556 U.S. at 678. The second amended complaint is insufficient if it "offers 'labels and conclusions' or 'a formulaic recitation of the elements of a

cause of action,'" or if it "tenders 'naked assertions' devoid of 'further factual enhancement.'" Id. (quoting Twombly, 550 U.S. at 555, 557). In short, the second amended complaint must provide a "'plain statement' possess[ing] enough heft to 'sho[w] that the pleader is entitled to relief.'" Twombly, 550 U.S. at 557 (quoting Fed. R. Civ. P. 8(a)(2)).

Finally, the Court affords a liberal construction to a *pro se* litigant's pleadings, holding them to a more lenient standard than those drafted by an attorney. Erickson v. Pardus, 551 U.S. 89, 94 (2007); Haines v. Kerner, 404 U.S. 519, 520 (1972) (*per curiam*). However, this liberal construction does not mean that the Court has a duty to re-write the second amended complaint. Bilal v. Geo Care, LLC, 981 F.3d 903, 911 (11th Cir. 2020); Snow v. DirecTV, Inc., 450 F.3d 1314, 1320 (11th Cir. 2006).

### 2. Plaintiff Fails to State a Claim Under the FDCPA

The FDCPA creates a cause of action for individuals who can show "(1) the plaintiff has been the object of collection activity arising from consumer debt, (2) the defendant is a debt collector as defined by the FDCPA, and (3) the defendant has engaged in an act or omission prohibited by the FDCPA." Burdick v. Bank of Am., 140 F. Supp. 3d 1325, 1329 (S.D. Fla. 2015). The FDCPA defines debt as "any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment." 15 U.S.C. § 1692a(5).

"Under the FDCPA's primary definition, a debt collector is 'any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.'" Maddox v. Aldridge Pite, LLP, No.

5

23-12853, 2024 WL 1475463, at *2 (11th Cir. Apr. 5, 2024) (*per curiam*) (quoting 15 U.S.C. § 1692a(6)). "This primary definition applies broadly across FDCPA provisions except to section 1692f(6)." Id. (citing Obduskey v. McCarthy & Holthus LLP, 586 U.S. 466, 477 (2019). Under § 1692(f)(6), the term "debt collector" "also includes any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the enforcement of security interests." 15 U.S.C. § 1692a. Because the statute explicitly provides that a business who enforces security interests is a "debt collector" under § 1692f(6), the Eleventh Circuit has found that this "reasonably suggests that such a person is not a debt collector for purposes of the other sections of the Act." Warren v. Countrywide Home Loans, Inc., 342 F. App'x 458, 460 (11th Cir. 2009) (*per curiam*). Moreover, the Supreme Court has found that "those who engage in only nonjudicial foreclosure proceedings are not debt collectors within the meaning of the Act" for all sections except §1692f(6). Obduskey, 586 U.S. at 477.

Despite this definitional distinction, a defendant may be engaged in both the practice of collecting debt and enforcing securities. Birster v. Am. Home Mortg. Servicing, Inc., 481 F. App'x 579, 582 (11th Cir. 2012) (*per curiam*). However, "[w]hether a party is an FDCPA debt collector is governed by the statutory definition, not by any self-identification by the party." Maddox, 2024 WL 1475463, at *2 (citing Reese v. Ellis, Painter, Ratterree & Adams, LLP, 678 F.3d 1211, 1214–19 (11th Cir. 2012)); see also Fenello v. Bank of Am., NA, 577 F. App'x 899, 902 (11th Cir. 2014) (*per curiam*) ("An entity cannot transform itself into a 'debt collector' within the meaning of the FDCPA simply by noting in a letter that it may be considered one under the Act.").

      **a.**    **Plaintiff Fails to Establish Defendants are "Debt Collectors" Under the FDCPA's Primary Definition**

Plaintiff has plausibly satisfied Step 1 of the FDCPA analysis by showing he was the object

of collection activity arising from consumer debt based on the allegations contained in his complaint and the attached evidence, primarily consisting of letters from Defendants. However, Plaintiff fails to demonstrate either defendant is a debt collector under the primary definition contained in the FDCPA to satisfy Step 2. Initially, Plaintiff fails to allege facts to establish either Defendant is a "business the principal purpose of which is the collection of any debts" or that either Defendant "regularly collects or attempts to collect, . . . debts" as required by the primary definition. 15 U.S.C. § 1692a(6). Davidson v. Cap. One Bank (USA), N.A., 797 F.3d 1309, 1315 (11th Cir. 2015) ("Section 1692a(6) clearly, plainly, and directly states that a person who is engaged in any business the principal purpose of which is debt collection or a person who regularly collects or attempts to collect debts owed or due another qualifies as a 'debt collector.'" (citing 15 U.S.C. § 1692a(6))).

Instead, Plaintiff makes conclusory allegations Defendants are debt collectors based only on their interactions with Plaintiff, which is insufficient under the FDCPA. See Hines v. Regions Bank, No. 21-10594, 2021 WL 4551301, at *1 (11th Cir. Oct. 5, 2021) (*per curiam*) ("Hines alleged no facts that Regions was a debt collector by being a business 'the principal purpose of which is the collection of any debts' or by 'regularly collect[ing] or attempt[ing] to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.'" (citing 15 U.S.C. § 1692a(6))); cf. Tharpe v. Nationstar Mortg. LLC, 632 F. App'x 586, 588 (11th Cir. 2016) (*per curiam*) ("Tharpe has alleged that Nationstar's business involves the regular collection of thousands of debts from thousands of consumers. That allegation, if true, would support a finding that Nationstar is a 'debt collector' within the scope of the FDCPA."). Even if Plaintiff had alleged Defendants' principal business purposes were the collection of debts or that they regularly collect debts to satisfy this requirement, Plaintiff still fails to demonstrate either Defendant is a debt

7

collector under the primary definition under the FDCPA.

As to Freedom Mortgage, Plaintiff alleges it was the servicer of the loan at issue, and loan servicers are expressly excluded from the FDCPA's primary definition of debt collectors when the debt was not in default at the time the debt was taken for servicing.  15 U.S.C. § 1692a(6)(F)(iii); Davidson, 797 F.3d at 1314 & n.4 ("Subsection (F)(iii) excludes any person who is collecting or attempting to collect on any debt owed or due another from the term 'debt collector' if the debt was not in default at the time it was acquired. . . . Entities falling within this exclusion include 'mortgage service companies and others who service outstanding debts for others, so long as the debts were not in default when taken for servicing.'" (citing 15 U.S.C. § 1692a(6)(F)(iii); and then quoting S. Rep. No. 95–382, at 3–4)).  Plaintiff makes no allegation the debt was in default at the time Freedom Mortgage took the loan for servicing to preclude application of the § 1692a(6)(F)(iii) exclusion.  Moreover, the loan documentation provided by Plaintiff demonstrates Freedom Mortgage began servicing loan at its inception, before any default could have occurred.  (Doc. no. 1, pp. 13-17.)  Accordingly, Freedom Mortgage is expressly excluded from the FDCPA's primary definition of a debt collector.

As to McCalla, Plaintiff alleges it "is a debt collector who was collecting debt on behalf of their client, Freedom Mortgage," (id. at 6), but the facts and exhibits Plaintiff provides in support demonstrate only that McCalla engaged in the nonjudicial foreclosure of the Ashley Drive property, (see id. at 6-10).  "The Supreme Court has held that a person engaging only in nonjudicial foreclosures is not a debt collector under the primary definition."  Maddox, 2024 WL 1475463, at *2 (citing Obduskey, 586 U.S. at 477).  Plaintiff's allegation McCalla's communications regarding "'foreclosure alternatives[,] reinstatement[,] or payoff figures," (doc. no. 1, p. 8), in their July 25th letter renders McCalla a debt collector is insufficient to bring McCalla within the FDCPA's

8

primary definition because such communications are required as a matter of Georgia law before nonjudicial foreclosure proceedings may be initiated. See O.C.G.A. § 44-14-162.2 ("Notice of the initiation of proceedings to exercise a power of sale in a mortgage, security deed, or other lien contract shall . . . be in writing, shall include the name, address, and telephone number of the individual or entity who shall have full authority to negotiate, amend, and modify all terms of the mortgage with the debtor, and shall be sent by registered or certified mail. . . ."). McCalla's July 25th letter stated, in relevant part:

> Freedom Mortgage Corporation holds the Security Deed to your property and Freedom Mortgage Corporation services your loan. The entity that has full authority to negotiate, amend, and modify all terms of the mortgage with the debtor, as servicer, is:
>
> Freedom Mortgage Corporation, 10500 Kincaid Drive, Fishers, IN 46037, 855-690-5900.
>
> Please contact the entity above directly should you wish to inquire about what, if any, loss mitigation options may be available to you. . . .
>
> Please note that this letter is being sent to you in order to comply with Georgia statutory law requirements for a nonjudicial foreclosure. For further information regarding this foreclosure sale, or to ask us to request reinstatement or payoff figures from your lender as permitted, you may call our office . . . .

(Doc. no. 1, p. 20.) Accordingly, McCalla's July 25th letter, including its referral to Freedom Mortgage for possible foreclosure alternatives, complies with and does not exceed the statutory requirements of O.C.G.A. § 44-14-162.2. "Incidental notice about the need to pay outstanding debts to avoid foreclosure that is required under state law as part of the foreclosure process does not bring an entity outside the practice of only nonjudicial foreclosures; that entity is still not a debt collector under the primary definition" of the FDCPA. Maddox, 2024 WL 1475463, at *2 (citing Obduskey, 586 U.S. at 477). Plaintiff has failed to allege McCalla took any actions beyond engaging in nonjudicial foreclosure that would subject it to the FDCPA's primary definition of a

9

debt collector to satisfy Step 2 of the FDCPA analysis.

In sum, Plaintiff has failed to plead facts that permit a reasonable inference that either Defendant is a "debt collector" under the FDCPA's primary definition. See Hines, 2021 WL 4551301, at *1 ("Hines failed to 'plead factual content that allow[ed] the [district] court to draw the reasonable inference that [Defendant] is a "debt collector" under the [FDCPA] and therefore liable for the misconduct alleged.'" (quoting Davidson, 797 F.3d at 1313)). Thus, Plaintiff's claims against Defendants fail Step 2 of the FDCPA analysis which requires Defendants qualify as a debt collector under the statute. Accordingly, any claims brought against Defendants under the FDCPA, other than those brought under 15 U.S.C. § 1692f(6) as discussed *infra*, fail to state a claim upon which relief may be granted and should be dismissed.

### b. Plaintiff Fails to State a Claim Under 15 U.S.C. § 1692f(6)

Although the allegations in Plaintiff's complaint are insufficient to establish Defendants are debt collectors under the FDCPA's primary definition, they may still be liable under the more expansive definition utilized for purposes of 15 U.S.C. § 1692f(6). As the Eleventh Circuit recently explained:

> For claims under § 1692f(6), the definition of debt collector "also includes any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the enforcement of security interests." Under section 1692f(6), "[a] debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt." The statute also specifically states that "[t]aking or threatening to take any nonjudicial action" to dispossess property (e.g., foreclosing or threatening to foreclose) violates section 1692f(6) if "(A) there is no present right to possession of the property claimed as collateral through an enforceable security interest; (B) there is no present intention to take possession of the property; or (C) the property is exempt by law from such dispossession or disablement."

Maddox, 2024 WL 1475463, at *3 (first quoting 15 U.S.C. § 1692a(6); and then quoting 15 U.S.C. § 1692f(6)).

10

Plaintiff alleges Defendants violated § 1692f(6)(A) because they "never had any lawful interest, equity[,] or claim to the security interest, mortgaged property[,] and dwelling . . . because [GNMA] is the creditor and lender and [Plaintiff's mother] owned the mortgaged property" on Ashley Drive.  (Doc. no. 1, pp. 9-10.)  However, the exhibits included with Plaintiff's complaint, (id. at 13-23), coupled with Plaintiff's concessions that Freedom Mortgage was the loan servicer, (id. at 5), and that McCalla was retained to conduct nonjudicial foreclosure proceedings on Freedom Mortgage's behalf, (id. at 7, 19), belie Plaintiff's contention that Defendants lacked an enforceable security interest.

Plaintiff's apparent belief that the loan constituted full payment of the property in dispute and did not create an enforceable security interest is unsupported by any factual contentions and directly contradicted by the loan instruments and other documents attached to Plaintiff's complaint.  (See doc. no. 1, pp. 14 (original loan application with Freedom Mortgage stating, "the loan requested pursuant to this application . . . will be secured by a mortgage or deed of trust on the property described in this application").)  Thus, Plaintiff has failed to plead facts that permit a reasonable inference that either Defendant is liable under § 1692f(6)(A).  See Fenello, 577 F. App'x at 902–03 (affirming dismissal where plaintiffs argued "their complaint shows that [defendant] does not have a present right to possess their property" but complaint and motion to dismiss included copies of loan documents "establish[ing] that the defendants had the right to foreclose on the property under the security deed in the event that [plaintiffs] defaulted on their loan").

Beyond Plaintiff's allegations under § 1692f(6)(A), Plaintiff makes no allegation that would constitute violations of the other subsections under § 1692f(6), namely that Defendants had no present right to possession of the property or that the property was exempt by law from such

11

dispossession. See 15 U.S.C. §§ 1692f(6)(B)-(C). Accordingly, Plaintiff fails to state a claim upon which relief may be granted. See Maddox, 2024 WL 1475463, at *3 ("[A]ssuming that [Defendant] is a debt collector for the purposes of section 1692f(6), . . . the complaint fails to specifically state a claim of a violation of section 1692f(6) because the complaint fails to state facts to show that [Defendant] foreclosed or threatened to foreclose (A) without a present right to possession through an enforceable security interest, (B) without a present intention to take possession, or (C) in the face of a legal exemption from foreclosure.").

### 3. Plaintiff's Complaint Should Be Dismissed

Given Plaintiff's failure to state a claim against Defendants in the instant complaint and his filing history, the Court finds it would be futile to require Plaintiff to amend his complaint. See Jeffus v. Mahl, No. 22-12040, 2024 WL 832295, at *2 (11th Cir. Feb. 28, 2024) (*per curiam*) ("[T]he court need not grant a plaintiff leave to amend his complaint when further amendment would be futile. Leave to amend is futile when the complaint as amended would still be dismissed. The question in such cases is not whether the plaintiff has stated a claim, but instead, 'when all is said and done, he can do so.'" (citations omitted) (quoting Silberman v. Miami Dade Transit, 927 F.3d 1123, 1133 (11th Cir. 2019))). Here, the Court finds the pleading deficiencies in Plaintiff's complaint discussed *supra* are not curable by submission of an amended complaint, as "more specific allegations" would not "remed[y] the pleading problems" identified. Thomas v. Town of Davie, 847 F.2d 771, 773 (11th Cir. 1988). Moreover, Plaintiff's multiple, unsuccessful prior attempts to sue these Defendants under the FDCPA demonstrate any opportunity to amend in this case would be futile. See, e.g., Taylor v. McCalla Raymer Leibert Pierce, LLC, No. CV 123-008, doc. nos. 5, 9, 13 (S.D. Ga. May 1, 2023) (dismissing case against McCalla for failure to file an amended complaint where original complaint was deficient in stating a claim under the FDCPA);

12

Taylor v. Freedom Mortg. Corp., No. CV 122-033, doc. nos. 14, 16 (S.D. Ga. May 18, 2022) (dismissing case, including FDCPA claims, against Freedom Mortgage after two opportunities to amend); Taylor v. Freedom Mortg. Corp., et al., No. CV 122-085, doc. nos. 4, 6, 8, 10 (S.D. Ga. Oct. 25, 2022) (dismissing case against Freedom Mortgage and GNMA for failure to file a second amended complaint where original and amended complaints were deficient in stating claims under the FDCPA); Taylor v. Freedom Mortg. Corp., No. CV 122-154, doc. nos. 9, 13, 18 (S.D. Ga. May 1, 2023) (dismissing case against Freedom Mortgage for failure to file an amended complaint where original complaint was deficient in stating a claim under the FDCPA).  As such, Plaintiff's complaint should be dismissed.

II.     **CONCLUSION**

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** this case be **DISMISSED** for failure to state a claim upon which relief can be granted and this civil action be **CLOSED**.

SO REPORTED and RECOMMENDED this 24th day of July, 2024, at Augusta, Georgia.

_____
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA